NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA FOOTE, on behalf of herself and all others similarly situated, | Case No.: 2:13-cv-00512-MWF-PLA |
| Plaintiff, | **STIPULATION AND [~~PROPOSED~~] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |
| vs. | Complaint Filed:   January 24, 2013 |
| CREDIT ONE BANK, N.A. and DOES 1 through 10, inclusive, and each of them, | Honorable Michael W. Fitzgerald |
| | Honorable Paul L. Abrams |
| Defendant. | |

-1-

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objection or cause of action any party may have (including but not limited to any objection or cause of action arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purposes of providing a procedure for the handling and protection of Confidential Information, as defined herein, the Plaintiff, Jessica Foote ("Plaintiff") and the Defendant Credit One Bank, N.A. ("Credit One") (jointly referred to as the "Parties"), hereby stipulate and agree to the following procedures for handling such Confidential Information.

Certain documents, things, and information, disclosed through discovery or otherwise, may constitute or contain secret, proprietary, private, or confidential information. This information may include, but is not limited to: (i) financial records; (ii) employment or personnel records; (iii) information regarding company structure, operations, policies/procedures, and strategies; (iv) proprietary information or trade secrets; (v) customer data; and (vi) any other information not readily available to the general public. NOW, THEREFORE, pursuant to the following Stipulation by and between the Parties governing access to and use of documents, things, and information designated as Confidential Information, and good cause appearing therefor, the Court hereby **ORDERS**:

**A.    DEFINITION OF "CONFIDENTIAL INFORMATION"**

This Order shall govern the provision, production, exchange, and use of all documents, answers to interrogatories, responses to requests for admissions, deposition testimony, deposition transcripts and exhibits, and any other material or information produced or exchanged during the course of pre-trial discovery in the above-captioned litigation ("Discovery Material"). All Discovery Material given or exchanged in the above-captioned action, or in the course of any investigation

-2-

1  conducted in connection with this action which the producing party believes, or

2  reasonably should believe, represents commercially or personally sensitive

3  information, trade secrets, or proprietary material shall be marked as

4  "CONFIDENTIAL."  Such material, including any copies or reproductions,

5  excerpts, summaries, or other documents or media (e.g., electronic, video, audio,

6  etc.) that excerpt, incorporate, contain, use, refer to, or otherwise reveal the

7  substance of such Discovery Material is hereinafter referred to as "Confidential

8  Discovery Material" or "Confidential Information."

9  **B.    PROCEDURE FOR DESIGNATING CONFIDENTIAL INFORMATION**

10        1.    The designation of Confidential Information shall be made at or before

11  the time such information is produced.  Information disclosed at a deposition may

12  be designated as Confidential Information by either (a) indicating on the record at

13  the deposition that the testimony is Confidential Information and subject to the

14  provisions of this Order, or (b) by notifying the opposing party in writing within

15  thirty (30) days of the receipt of the transcript of those pages and lines or exhibits

16  that contain Confidential Information.    Immediately after receiving notice that

17  certain portions of a deposition contain Confidential Information, each party must

18  immediately cause each copy of the deposition transcript in their custody or control

19  to be so marked.

20        2.    A party receiving information may designate Discovery Material as

21  Confidential Information by identifying in writing the specific portion of the

22  Discovery Material to be so designated within thirty (30) days after receipt thereof.

23        3.    If any party believes that Discovery Material, which previously has

24  been designated as Confidential Information, should not properly be treated as

25  Confidential Information within the meaning of this Order, that Party shall notify

26  the disclosing Party of its disagreement with the Confidential Information

27  designation as soon as possible, but in no event later than forty-five (45) days of the

28

-3-

1    designation of the Discovery Material as Confidential Information. Counsel for the

2    Parties shall then endeavor to reach an agreement regarding the status of the

3    affected Discovery Material within ten (10) business days of the date notice of the

4    disagreement was given (the "Meet and Confer Period"). If no agreement has been

5    reached upon the expiration of the Meet and Confer Period, the party seeking to

6    challenge the designation of Confidential Information may seek appropriate relief

7    from the Court. Any application for such relief must be filed and served, if at all,

8    within thirty (30) days following the expiration of the Meet and Confer Period.

9    Until the Court resolves the application, the underlying Discovery Material shall be

10   treated as Confidential Information subject to the terms of this Order.

11   Notwithstanding any provision of this Order, however, any motion challenging a

12   Designating Party's confidentiality designation shall comply with the Federal Rules

13   of Civil Procedure, all applicable local rules, as well as any rules or procedures

14   established by the Court, including, without limitation, Local Rules 37-1 and 37-2

15   (setting forth the requirement of a Joint Stipulation of disputed issues).

16       4.    If any Party produces Confidential Information without the appropriate

17   designation, that Party may furnish a substitute copy properly designated along with

18   written notice to all Parties that such information is deemed Confidential

19   Information. Notwithstanding the fact that all Parties must comply with the

20   provisions of this Order, no penalty shall be imposed upon a receiving Party who

21   has disclosed Discovery Material that is subsequently designated by the producing

22   Party as Confidential Information, if the disclosure was otherwise made in

23   accordance with this Order and predated the designation of the Discovery Material

24   as Confidential Information.

25       5.    If any non-Party produces Discovery Material that any Party believes

26   to contain Confidential Information, that Party may designate such Discovery

27   Material as Confidential Information by giving written notice to all Parties that such

28

-4-

1    information is deemed Confidential Information.  Notwithstanding the fact that all

2    Parties must comply with the provisions of this Order, no penalty shall be imposed

3    upon a receiving Party who has disclosed Discovery Material that is subsequently

4    designated by the producing Party as Confidential Information, if the disclosure

5    was otherwise made in accordance with this Order and predated the designation of

6    the Discovery Material as Confidential Information.

7    **C.    QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL**

8    **        INFORMATION**

9          "Qualified Persons," as used herein, means:

10         1.    The named Parties in the above-captioned litigation (**except** as

11   provided in Part E, *infra*), their attorneys, including in-house counsel, paralegals,

12   law clerks, and secretaries employed by counsel for the named Parties;

13         2.    Consultants and experts retained or employed to assist counsel for the

14   named Parties in the preparation of the above-captioned litigation for trial, such as

15   statisticians, economists, accountants, or other technical, scientific, or legal experts

16   or consultants, who have agreed in writing (in a form substantially similar to the

17   Acknowledgment and Agreement to Be Bound ("Acknowledgment") attached

18   hereto as Exhibit A) to be bound by this Order;

19         3.    Any person whom a Party determines in good faith might become a

20   deponent or trial witness in the above-captioned action, or whom a Party determines

21   in good faith may provide an affidavit, declaration, or certification in this action,

22   provided that such person is first provided with a copy of this Order and agrees in

23   writing (in a form substantially similar to the Acknowledgment attached hereto as

24   Exhibit A) to be bound thereby;

25         4.    Any company retained by any Party, and the individuals employed by

26   any such company, to scan, copy, or code any Confidential Information, or to

27   prepare such Confidential Information for use at a trial or deposition in the above-

28

-5-

1  captioned action, provided that such company and the employees it assigns are first
2  provided with a copy of this Order and agree in writing (in a form substantially
3  similar to the Acknowledgment attached hereto as Exhibit A) to be bound thereby;
4  and

5      5.      The Court, persons employed by the Court, potential jurors, jurors,
6  alternate jurors, videographers and stenographers transcribing or recording the
7  testimony or argument at a hearing, trial, or deposition in this action.

8  **D.  RESTRICTIONS ON THE USE AND DISCLOSURE OF**
9  **CONFIDENTIAL INFORMATION**

10     1.      Confidential Information shall not be disclosed, directly or indirectly,
11  to any person other than Qualified Persons as defined herein.  Persons who, by
12  virtue of the conduct of this litigation, have knowledge of the designated
13  Confidential Information shall not intentionally suffer or permit its disclosure or
14  that of any information obtained, derived, compiled, or ascertained therefrom, to
15  any person or persons other than a Qualified Person as defined herein.

16     2.      Disclosure of all Discovery Material designated as Confidential
17  Information shall be solely for the purposes of the above-captioned litigation,
18  unless and until such designation is removed either by agreement of the Parties or
19  by Order of the Court.

20     3.      With respect to Discovery Material designated as Confidential
21  Information, no copy of any documents, testimony, or other information shall be
22  received, kept, or maintained by any individual other than a Qualified Person as
23  defined herein.

24     4.      In the event that any portion of any Discovery Material designated as
25  Confidential Information is submitted to the Court for any purpose, the Party
26  submitting the Confidential Information shall do all of the following:

27          (a)      The Party submitting a document containing Confidential

28

-6-

1   Information (the "Filing Party") shall sanitize or redact the document so as to

2   remove any Confidential Information when this can be accomplished without

3   destroying the purpose for which the document is to be filed.  Following

4   sanitization, the Filing Party shall present the sanitized document to the Party to

5   whom the Confidential information belongs (the "Designating Party"), who shall

6   then have three (3) business days (the "Review Period") to review the sanitized

7   document for remaining Confidential Information.  Upon the expiration of the

8   Review Period, or upon the Designating Party's sooner notification to the Filing

9   Party that the Designating Party is satisfied that the sanitized document contains no

10   Confidential Information, the sanitized document may be filed with the Court as if

11   it were any other filing.

12          (b)    Pursuant to Central District L.R. 79-5.1, the Party submitting a

13   document which cannot be redacted to remove all references to Confidential

14   Information shall take the necessary steps to obtain Court approval to file the

15   Confidential Information under seal.  Within two (2) business days before the

16   filing, the Filing Party will notify the Designating Party by Bates number or other

17   reasonable description, of the specific documents and/or Confidential Information

18   that the Filing Party intends to lodge with the Court under seal.   The Designating

19   Party will notify the Filing Party within one (1) business day after receiving this

20   notice if the Designating Party agrees that some, part, or all of the documents

21   and/or Confidential Information need not be lodged with the Court under seal.  A

22   Designating Party shall not unreasonably withhold its agreement that some, part, or

23   all of the documents and/or Confidential Information need not be lodged with the

24   Court under seal.

25          (c)    In accordance with Local Rule 79-5, the Filing Party will

26   present to the Court the document(s) submitted for filing under seal, a written

27   application or stipulation, and a proposed order. Further, in accordance with Local

28   *showing good cause for the under seal filing*

1  Rule 79-5.1, the original and judge's copy of the documents to be filed under seal

2  shall be sealed in separate envelopes with a copy of the title page attached to the

3  front of each envelope.  The Parties recognize that one of the manifest purposes of

4  this Order is to avoid the expense associated with litigating discovery disputes over

5  confidentiality-related issues.  Accordingly, the Parties agree that applications to

6  seal under this subparagraph are to be the exception rather than the rule, and sealing

7  orders will be stipulated whenever possible.

8       (d)    Pursuant to Local Rule 79-5.1, the Filing Party will present to

9  the Clerk for filing, in paper format, any materials containing Confidential

10  Information  and will electronically file a Notice of Manual Filing in accordance

11  with Local Rule 5-4.2.

12       5.    In the alternative, the Party who intends to submit any Confidential

13  Information to the Court for any purpose may contact the Party to whom the

14  Confidential Information belongs and seek that Party's consent to the filing of such

15  information not under seal.  Confidential Information not filed under seal, pursuant

16  to the consent of the Party to whom it belongs, shall not thereby lose its status as

17  Confidential Information.  In the absence of such consent, the procedures set forth

18  in Paragraph D(4) above shall be observed.

19       6.    In the event that a Qualified Person seeks to disclose or otherwise

20  reveal any Confidential Information to anyone other than another Qualified Person,

21  the former shall seek the consent of the Party to whom the Confidential Information

22  belongs, and may disclose the Confidential Information upon receipt of such

23  consent.  In the event that consent is not given, counsel for the Parties shall

24  endeavor to reach an informal resolution within ten (10) business days of the date

25  consent was refused (the "Meet and Confer Period").  If no agreement has been

26  reached upon the expiration of the Meet and Confer Period, the party seeking to

27  disclose Confidential Information may apply to the Court for appropriate relief

28  *pursuant to Local Rule 37*

-8-

1    from this Order.  Any application for such relief must be filed and served, if at all,

2    within thirty (30) days following the expiration of the Meet and Confer Period.

3    Until the Court resolves the application, the underlying Confidential Information

4    shall not be disclosed to any person other than a Qualified Person as defined herein.

5    The provisions of this Paragraph shall not apply where a Party receiving

6    Confidential Information is subpoenaed in an action other than this action, is served

7    with a demand in an action other than this action to which he, she or it is a party, is

8    served with legal process by an individual or entity not a party to this action, or is

9    subject to a request, rule, regulation or other legal compulsion of or relating to a

10   governmental entity asserting jurisdiction over it seeking production or provision of

11   Confidential Information.  In such cases, the provisions of Paragraph D(7) shall

12   govern.

13        7.    If any Party receiving Confidential Information is subpoenaed in an

14   action other than this action, is served with a demand in an action other than this

15   action to which he, she or it is a party, is served with legal process by an individual

16   or entity not a party to this action, or is subject to a request, rule, regulation or other

17   legal compulsion of or relating to a governmental entity asserting jurisdiction over

18   it seeking production or provision of Confidential Information, that Party:

19        (a)    shall immediately, but in no event later than three (3) business days

20              after receipt of the subpoena, demand, request, or other legal process,

21              provide written notice, including a copy of such subpoena, demand,

22              request, or other legal process, to counsel for the Party (or non-party)

23              that produced such Confidential Information in this action;

24        (b)    promptly notify in writing the Party or non-party who caused the

25              subpoena, demand, request, or other legal process to issue that some or

26              all of the material covered by the subpoena, demand, request, or other

27              legal process is subject to this Order.  Such notification shall include a

28

1      copy of this Order; and

2   (c) cooperate with respect to all reasonable procedures sought to be

3      pursued by the Party (or non-party) whose Protected Material may be

4      affected.  If the designating Party timely seeks a protective order, the

5      Party served with the subpoena, demand, request, or other legal

6      process shall not produce any Protected Information earlier than the

7      date and time called for on the subpoena, demand, request, or other

8      legal process, and shall cooperate in good faith with the designating

9      Party's reasonable efforts to obtain a protective order.

10   Notwithstanding any provision of this Order, however, it is recognized that

11 neither Fed. R. Civ. P. 26 nor Fed. R. Civ. P. 45 provide that compliance with a

12 lawful subpoena is automatically stayed by the filing of a motion for a protective

13 order.  Accordingly, the Parties agree that it is the Designating Party's

14 responsibility to timely move for, and obtain, an appropriate order staying the

15 operation of a Document Demand pending the resolution of the Designating Party's

16 motion for a protective order.  Nothing contained in this Order should be construed

17 as authorizing or encouraging a party in this action to disobey a lawful subpoena

18 issued in another action.  Further, notwithstanding anything contained in this

19 Paragraph, no Party who is subject to a subpoena, demand, request, or other legal

20 process shall be required by this Order to: (i) violate any court order or the laws of

21 any political subdivision, including, without limitation, a regulatory body asserting

22 jurisdiction over it; (ii) subject itself to any sanction, fine, or penalty; or (iii) incur

23 unreasonable expense in defense of the Confidential Information.

24   8. Because the aggrieved party does not have an adequate remedy at law

25 and would suffer irreparable harm absent the ability to enforce the Order through

26 restraining order or injunction, the Parties agree that any aggrieved party shall be

27 entitled to enforce the Order through a restraining order or injunction requiring the

28

STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO.: 13-CV-00512-MWF-PLA

1   violating party to immediately cease and desist from the violation and take all

2   necessary actions to remedy the violation and ensure that the violation is corrected

3   so as to ensure that any improperly used or disclosed information retains the

4   confidentiality protections that existed prior to the occurrence of the violation.

5   Such equitable remedies shall be in addition to, and not exclusive of, all other legal

6   rights and remedies available to such Party under the law.  A Party seeking such

7   injunctive relief shall present a noticed motion or, where the circumstances warrant

8   *ex parte* relief under applicable law, an *ex parte* application to the United States

9   District Judge assigned to this action at the time such noticed motion or *ex parte*

10  application is filed.  Any application or motion for injunctive relief pursuant to this

11  subparagraph must comply with all applicable statutes, Federal Rules of Civil

12  Procedure, local rules, and any rules or procedures established by the Court.

13  **E.   ATTORNEYS' EYES ONLY RESTRICTIONS**

14  1.   Confidential Information designated as "HIGHLY CONFIDENTIAL

15  INFORMATION - ATTORNEYS EYES ONLY" shall not be disclosed, except by

16  the prior written consent of the disclosing party or pursuant to further order of the

17  Court, to any person or entity other than:

18  (d)   the attorneys of record for any party to this action, including the

19        employees and associates of the party's attorneys who are involved in

20        this action;

21  (e)   Defendant's in-house counsel;

22  (f)   Officers of the Court and supporting personnel or officers of any

23        appellate court to which an appeal may be taken or in which review is

24        sought, including any necessary stenographic and clerical personnel

25        (e.g., deposition and court reporters and the like);

26  (g)   Independent experts and consultants (and their employees and support

27        staff) retained by the attorneys for any party for purposes of assisting

28

1           in this action, to whom disclosure is reasonably necessary for this

2           litigation and who have signed the "Agreement to Be Bound" (Exhibit

3           A), provided that the conditions set forth in Section E(2) below are

4           satisfied;

5   (h)    Outside litigation support vendors retained by the parties, including

6           commercial photocopying vendors, scanning services vendors, coders,

7           and keyboard operators to whom disclosure is reasonably necessary for

8           this litigation and who have signed the Acknowledgment (Exhibit A).

9       Any person other than officers of the Court and attorneys of record for any

10   party who is to be provided with Confidential Information designated Attorneys'

11   Eyes Only or access thereto under the terms of this Order must first execute and

12   return to counsel of record for the party from whom the person is receiving such

13   Confidential Information or access thereto the Acknowledgment hereto as Exhibit

14   A.

15       2.    For purposes of Section E(1)(d) and E(1)(e), the Party receiving

16   Confidential Information shall give the Disclosing Party three (3) business days'

17   written notice prior to the disclosure of Confidential Information designated

18   Attorneys' Eyes Only to any expert, consultant, or vendor. Written notice shall

19   include the name, employment, and affiliations of the person or entity to which

20   such Confidential Information is sought to be disclosed. This provision shall not

21   apply to potential witnesses, experts, consultants or their attorneys, staff,

22   representative or agents who are authors or recipients of the "Attorneys Eyes Only"

23   Confidential Information or who received the material prior to or separate from the

24   litigation.

25       If during the three (3) business day period the Disclosing Party objects to the

26   disclosure, then no disclosure shall be made until the Recipient obtains from the

27   Court an order compelling such disclosure.  The parties shall confer in good faith to

28

-12-

1    resolve any such disagreements prior to bringing any motion to compel disclosure.

2    **F.    Disclosure of Telephone Numbers**

3           1.     In the course of this litigation, the possibility exists that Defendant

4    Credit One Bank, N.A. ("Credit One") may produce a list of telephone numbers

5    ("Outbound Dial Data") to Plaintiff.  The telephone numbers provided in the

6    Outbound Dial Data are uniquely identifiable private information of Credit One's

7    customers, and accordingly, require heightened protection from disclosure.  The

8    Outbound Dial Data is designated as "HIGHLY CONFIDENTIAL-ATTORNEYS

9    EYES ONLY" pursuant to Section E of this Order.  For purposes of the Outbound

10   Dial Data only, the following provisions replace and supersede the use, disclosure,

11   and handling of "HIGHLY CONFIDENTIAL –ATTORNEYS EYES ONLY"

12   information set forth in Section E above.

13          2.     In the event Credit One agrees to produce the Outbound Dial Data, and

14   no later than within two Court days of receiving an executed copy of the

15   "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto from

16   the receiving Party's Expert, Credit One shall produce one copy of the Outbound

17   Dial Data to the receiving Party's Expert, care of Abbas Kazerounian, Esq.,

18   receiving Party's Counsel.  The receiving Party's Expert shall maintain sole

19   possession of the Outbound Dial Data at all times.  The receiving Party's Expert

20   shall maintain the Outbound Dial Data in a secure location at all times and shall

21   only use such computer hardware and software as is necessary to review and

22   analyze the Outbound Dial Data.

23          3.     No party may review the Outbound Dial Data or any compilation,

24   analysis or report generated or derived from the Outbound Dial Data except for the

25   receiving Party's Counsel and Expert.  The Receiving Party shall not review the

26   Outbound Dial Data, but may discuss the results of any analysis derived from the

27   Outbound Dial Data with her Counsel for any purpose.

28

-13-

4.    The receiving Party and their Outside Counsel shall not make any copies of the Outbound Dial Data, in whole or in part, either electronically, in hard copy, or in any other medium or format, and may not store, back-up or image the Outbound Dial Data in any medium or format for any purpose.  The receiving Party's Expert/s may only make a copy of the Outbound Dial Data, in whole or in part, as is necessary to accomplish the tasks for which he was retained.

5.    The receiving Party, their Counsel and their Expert may not contact any telephone numbers listed in the Outbound Dial Data for any purpose and may not attempt to ascertain the name, address, any other telephone number or contact information or any other information associated with the telephone numbers or the subscribers of the telephone numbers provided in the Outbound Dial Data, through reverse skip tracing or otherwise, for any purpose.

6.    The Receiving Party, their Counsel and their Expert shall not, for any purpose, file with the Court the Outbound Dial Data, in whole or in part, or reference in any document to be filed with the Court any telephone number provided in the Outbound Dial Data.  However, if necessary for trial and for motion practice, including but not limited to motions to compel, motions for class certification and motions for summary judgment, such numbers, compilations, reports, summaries and conclusions obtained from the Outbound Dial Data may be submitted to the Court in a redacted format, as to not disclose the actual telephone numbers, but only if such information is submitted in a manner designed to protect the public release of such information.  If the need to submit such information to the Court arises, Counsel will discuss the specific submission procedure in good faith.  If no agreement is reached, the Court will decide the appropriate submission procedure.  Under no circumstances shall any number contained in the Outbound Dial Data be submitted to the Court in unredacted form unless ordered by the Court.

///

-14-

**G.     NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action takes place, but shall not apply to the trial itself, as all decisions concerning the conduct of the trial and the admissibility of evidence are the province of the trial judge.  Any Party may, at or before the time of trial, make a motion in limine to determine the admissibility of Confidential Information at the trial of the above-captioned litigation.

**H.     NO ADMISSION OR WAIVER**

1.     The execution of this Order shall not be construed as an admission or agreement by any Party that any Discovery Material designated as Confidential Information is, in fact, confidential, private, privileged, or otherwise entitled to any protective relief from the Court except by virtue of this Order.

2.     The inadvertent, accidental or unintentional production of privileged information shall not constitute a waiver of any applicable privilege.  If privileged information or documents ("Privileged Materials") are inadvertently produced or disclosed, the receiving Party agrees promptly to return such information or documents upon the earlier of (a) realizing Privileged Materials have inadvertently been produced, or (b) an oral or written request by the producing Party or non-party. The receiving Party shall also take all necessary steps to prevent any further disclosure of such Privileged Materials. However, the Parties reserve the right to contest the designation of any such material as "privileged" by motion to the Court. No Party shall disclose or use materials subject to a claim of privilege unless and until the producing Party's claim is overruled by court order, provided however any such materials otherwise shall be maintained in accordance with the terms of this Order.

3.     This Order does not govern or affect the admissibility of any Discovery Material marked as Confidential Information as evidence during the trial

-15-

of this action. The admissibility at trial of Confidential Information shall be reserved until the trial of this action. Nothing herein shall be construed to limit in any way any Party's use of its own Confidential Information, or a Party's subsequent waiver of its own prior designation with respect to its own Confidential Information.

4.     Nothing contained in this Order shall affect the right, if any, of any party, non-party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition; the right of any party or nonparty to seek additional protective relief with respect to any document or information sought in the course of discovery; the right of any party to object to the admissibility, authenticity or use of any information at any hearing or trial; the right of any party to seek or compel additional discovery; the right of the parties to agree to modify, alter or amend the provisions or protections provided for herein, by filing an amended Stipulation and [Proposed] Order with the Court; and the right of any party to waive in writing the provisions or protections provided for herein. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right that any Party may have to assert such privilege at any stage of the litigation.

5.     Nothing herein shall restrict the right of any Party or non-party to use his, her, or its own documents and information designated as Confidential Information for any purpose whatsoever.

## I.     RETURN OF CONFIDENTIAL INFORMATION

1.     Within thirty (30) days of the termination of the above-captioned litigation, including any appeals or proceedings for extraordinary relief arising therefrom, all Confidential Information, together with any copies, duplicates, or

-16-

1    other reproductions thereof, held by a Party other than the Party to whom such

2    Confidential Information belongs, shall be returned to the Party who produced it, or

3    to that Party's attorney.

4         2.    In lieu of physically returning Confidential Information to the Party or

5    Parties who produced it, any Party may elect to destroy all Confidential Information

6    in its possession, custody, and control, and certify in writing to all other Parties that

7    it has done so.

8         3.    Notwithstanding the foregoing, counsel for any Party may retain a

9    copy of his or her own work product based on Confidential Information. Nothing

10   in this Paragraph shall preclude a Party from: (i) seeking to modify this Paragraph;

11   (ii) seeking additional verification that all Confidential Information in another

12   Party's possession, custody, or control has been destroyed or surrendered; or (iii)

13   agreeing to permit another Party to retain Confidential Information in its

14   possession. Provided, however, that no modification of this Order pursuant to the

15   agreement of the Parties shall have the force or effect of a Court order unless the

16   Court approves the modification.

17        4.    Neither the termination of the above-captioned action nor the

18   termination of employment of any person who has had access to Confidential

19   Information shall relieve any person from the obligation to comply with this Order.

20   **J.    MISCELLANEOUS PROVISIONS**

21        1.    Nothing in this Order shall prevent or otherwise restrict counsel from

22   rendering advice to their clients and, in the course thereof, relying generally on the

23   examination of Confidential Information.

24        2.    The attorneys of record are responsible for employing reasonable

25   measures to control, consistent with this Order, duplication of, access to, and

26   distribution of copies of Confidential Information.

27        3.    This Order is without prejudice to the right of any party to seek relief

28

-17-

1    from the Court, for good cause shown, from any of the provisions contained herein.

2        4.    This Order shall remain in force and effect until modified, superseded,

3    or terminated on the record by writing of the parties hereto or by subsequent Order

4    of the Court.

5        5.    Except as specifically provided herein, the terms, conditions, and

6    limitations of this Order shall survive the termination of this action.

7    **SO STIPULATED AND AGREED.**

8    Dated: September 23, 2013          REED SMITH LLP

9
                                       By:   /s/ Raymond Y. Kim
10                                           Raymond Y. Kim, Esq.
                                             Attorneys for Defendant
11                                           Credit One Bank, N.A.

12                                           Raymond Y. Kim (SBN: 251210)
13                                           REED SMITH
                                             355 S Grand Avenue Suite 2900
14                                           Los Angeles, CA 90071
                                             213-457-8000
15                                           Fax: 213-457-8080
16                                           Email: rkim@reedsmith.com

17
     Dated: September 23, 2013          KAZEROUNI LAW GROUP, APC
18

19                                      By:   /s/ Abbas Kazerounian
20                                            Abbas Kazerounian
                                              Attorneys for Plaintiff
21                                            Jessica Foote

22                                      Abbas Kazerounian, Esq. (SBN: 249203)
                                        KAZEROUNI LAW GROUP, APC
23                                      245 Fischer Avenue, Suite D1
24                                      Costa Mesa, California 92626
                                        Telephone: (800) 400-6808
25                                      Facsimile: (800) 520-5523
26                                      Email: ak@kazlg.com

27

28
                                            -18-

1  **HYDE & SWIGART**
2  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
3  2221 Camino Del Rio South, Suite 101
4  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
5  Facsimile: (619) 297-1022
6  *Attorneys for Plaintiff*

7  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
8  Todd M. Friedman, Esq. (SBN: 216752)
   tfriedman@attorneysforconsumers.com
9  Nicholas J. Bontrager, Esq. (SBN: 252114)
10 nbontrager@attorneysforconsumers.com
   369 S. Doheny Dr., #415
11 Beverly Hills, CA 90211
   Telephone: (877) 206-4741
12 Facsimile: (866) 633-0228
13 *Attorneys for Plaintiff*

14                    **ATTESTATION OF SIGNATURE**

15     I, Ray Y. Kim, am the ECF User whose ID and Password were used to

16 electronically file this Stipulation and [Proposed] Order Governing the Designation

17 and Handling of Confidential Materials. Pursuant to Central District of California

18 Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on

19 whose behalf this filing is submitted, concur in the content of this filing and have

20 authorized the electronic filing thereof.

21                                          */s/ Raymond Y. Kim*
                                            Raymond Y. Kim
22
      **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
23

24

25 Dated: _____9/24/13_____

26                                          Hon. Paul L. Abrams
                                            United States Magistrate Judge
27

28
                                        -19-

STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO.: 13-CV-00512-MWF-PLA

**Exhibit A**

**AGREEMENT TO BE BOUND BY ORDER GOVERNING THE
DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Governing the Designation and Handling of Confidential Information ("Order") that was issued by the United States District Court for the Central District of California in the case of *Jessica Foote v. Credit One Bank, N.A.*, Case No 13-cv-00512-MWF-PLA. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO.: 13-CV-00512-MWF-PLA